UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

CV 13 - 5951

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAQUAN RUSSELL, MARY ANN SMITH, and
M.S., an infant, by her m/n/g, MARY ANN SMITH,

Plaintiffs,

MATSUMOTO, J.

**COMPLAINT**

-against-

REYES, M.J

THE CITY OF NEW YORK,
POLICE OFFICER DAVID FITZGERALD (TAX 951737),
and JOHN DOES 1-10,

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiffs, LAQUAN RUSSELL, MARY ANN SMITH, and M.S., an infant, by

her mother and natural guardian, MARY ANN SMITH, by their attorneys, Reibman & Weiner,

as and for their Complaint, hereby allege as follows, upon information and belief:

**PARTIES, VENUE, and JURISDICTION**

1.      Plaintiffs, LAQUAN RUSSELL and MARY ANN SMITH, are adult

residents of Kings County, within the State of New York.

2.      Plaintiff, M.S., is a seven year old infant and resident of Kings County, in

the State of New York.

3.      At all relevant times hereinafter mentioned, defendant, City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees, and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their

employees.

4.      At all relevant times hereinafter mentioned, defendant, POLICE OFFICER

DAVID FITZGERALD (TAX 951737), was an adult male employed by the City of New York as a member of the NYPD assigned to Patrol Borough Brooklyn North. Defendant Fitzgerald is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendants John Does 1 - 10, were individuals employed by the City of New York as members of the NYPD, whose names are unknown to plaintiffs, assigned to Patrol Borough Brooklyn North and/or a local area precinct believed to be the 73rd Precinct. The Doe defendants are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8. That plaintiffs timely served Notices of Claim on the municipal defendants and complied with all conditions precedent to commencing an action under state law.

9. At least thirty days have elapsed since service of plaintiffs' Notices of Claim and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the happening of the events of which each plaintiffs complain.

2

## RELEVANT FACTS

11.     On July 5, 2013, at about 12:00 a.m., (the "Date of the Arrest") plaintiffs, Laquan Russell and Mary Ann Smith, were lawfully present at the intersection of Livonia Avenue and Legion Street in the County of Kings, City and State of New York.

12.     The individual defendants were present at or near this location and, without any legal basis or justification, ordered Mr. Russell and Ms. Smith to leave this intersection.

13.     The Mr. Russell and Ms. Smith were not involved in any illegal or suspicious activity.

14.     Mr. Russell and Ms. Smith complied with the defendants' demands and began walking down Legion Street towards Ms. Smith's residence at 284 Legion Street (the "Scene of the Arrest").

15.     Despite the fact that plaintiffs complied with defendants' demands, and despite the fact that plaintiffs were not involved in any illegal or suspicious activity, the individual defendants began pushing Ms. Smith and Mr. Russell, assaulted and battered them.

16.     Ms. Smith and Mr. Russell continued to comply with defendants' demands, and entered Ms. Smith's yard located at 284 Legion Street, Brooklyn, New York (the "Scene of the Arrest").

17.     M.S., the infant plaintiff, was also present at the Scene of the Arrest.

18.     Without any explanation or legal justification, the individual defendants then entered the yard of Ms. Smith's property.

3

19.     None of the plaintiffs were engaged in any unlawful or suspicious activity.

20.     Despite the absence of any evidence of wrongdoing on the part of plaintiffs, and despite the fact that there was no legal basis to detain, much less search plaintiffs or plaintiff, Mary Ann Smith's, property, the individual defendants detained plaintiffs and attempted to enter Ms. Smith's home without any legal justification, permission, or warrant.

21.     Ms. Smith repeatedly asked the defendants why they were on her property and asked them to leave.

22.     The individual defendants detained plaintiff, M.S., and subjected her to excessive force by, in part, by pushing her and knocking her over, causing her to sustain physical injuries.

23.     Without any legal justification or excuse, the defendants also approached plaintiff, Laquan Russell, detained, hit, kneed, and searched him.

24.     The search yielded no evidence of any guns, drugs, or contraband.

25.     Despite the absence of any evidence of wrongdoing on the part of plaintiff, Laquan Russell, the defendants formally arrested him.

26.     Mr. Russell was then transferred to a local area precinct believed to be the 73rd Precinct, where he was held for several hours, before he was transferred to Kings County Central Booking, where he was held for several more days before he was arraigned on a criminal complaint containing false allegations supplied by defendant Fitzgerald.

27.     Defendant Fitzgerald made several false allegations in support of the criminal complaint including, but not limited to, the statement that defendant observed plaintiff, Laquan Russell, "in a group of eight to ten unapprehended other individuals, that [plaintiff] and

4

said individuals were cursing, yelling, and standing on top of vehicles...".

28. Pursuant to these and other false allegations, plaintiff, Laquan Russell, was detained and charged with Resisting Arrest and Disorderly Conduct.

29. These charges against Mr. Russell were dismissed at his arraignment and he was released.

30. The decision to arrest, detain, and use force against any of the plaintiffs was objectively unreasonable under the circumstances, as none of the plaintiffs had been engaged in any illegal or suspicious activity.

31. The plaintiffs were all conscious of the false arrest and confinement.

32. It was objectively unreasonable for defendant Fitzgerald to arrest plaintiff, Laquan Russell, since there was no probable cause or reasonable basis to suspect that he had engaged in any unlawful activity.

33. At no time did there exist any basis to utilize any level of force against any of the plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

34. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiffs.

35. The individual defendants, including the Doe defendants, intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

36. That at all times relevant herein, the defendants were on duty and acting

5

within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

37.     Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

38.     Defendants willfully and intentionally seized, searched, imprisoned, and falsely arrested plaintiffs, all without probable cause or a reasonable basis to believe such cause existed.

39.     Defendants improperly and unlawfully entered and searched plaintiff, Mary Ann Smith's, property without any warrant or legal justification.

40.     Defendants willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

41.     By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, excessive force, unlawful searches of person and property, denial of due process, and malicious use and abuse of process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

42.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

6

## SECOND CAUSE OF ACTION

43.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

44.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

45.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

46.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

47.     All of the acts and omissions by the individual defendants described above

7

were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

48.    The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

> a.    Using excessive force on individuals, including but not limited to those who have already been handcuffed;
>
> b.    Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;
>
> c.    Discouraging police officers from reporting the corrupt or unlawful acts of other officers;
>
> d.    Retaliating against officers who report police misconduct; and
>
> e.    Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

49.    The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

> a.    *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)
>
> b.    *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);
>
> c.    *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);
>
> d.    *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);
>
> e.    *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

8

f.  *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.  *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (SD.N.Y.)

h.  *Carmody* v. *City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207

i.  *McMillan* v. *City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.  *Avent* v. *City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k.  *Smith* v. *City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.  *Powers* v. *City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

m.  *Dotson* v. *City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

n.  *Nonnemann* v. *City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o.  *Richardson* v. *City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p.  *Barry* v. *New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

q.  *Walton v. Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

r.  *White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.  *Ariza v. City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.);

50.  In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-

CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police

9

Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

51.     Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

52.     It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

53.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

### THIRD CAUSE OF ACTION

54.     Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

55.     Plaintiffs were subjected to false arrest, false imprisonment, unlawful searches and excessive force by the defendants.

56.     At no time did the defendants have any legal basis for arresting or

10

imprisoning plaintiffs, for searching plaintiff, Mary Ann Smith's, home, commencing criminal process, using excessive force against plaintiffs, or searching plaintiffs, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

57.     The defendants are therefore liable to plaintiffs for false arrest, false imprisonment, excessive force, unlawful searches, and malicious use and abuse of process, by the defendants.

58.     By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

11

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

i.     on the causes of action one through three, actual and punitive damages in an amount to be determined at trial;

ii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iii.   such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
October 28, 2013

By: _____
Jessica Massimi (JM-2920)
Reibman & Weiner
Attorneys for Plaintiffs
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743

12